IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| BMW OF NORTH AMERICA, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>NORTHSTAR SYSTEMS LLC,<br><br>       Defendant. | Case No. 23-cv-456<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff BMW of North America, LLC ("Plaintiff" or "BMW NA"), by and through their undersigned counsel, file this Complaint against Defendant NorthStar Systems LLC ("Defendant" or "NorthStar"), and allege as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment of noninfringement of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. §§ 1 *et seq.*

2. Plaintiff seeks declaratory judgment that none of the claims of U.S. Patent No. 6,898,432 (the "'432 Patent"), U.S. Patent No. 8,014,943 (the "'943 Patent"), U.S. Patent No. 8,032,297 (the "'297 Patent"), U.S. Patent No. 8,478,527 (the "'527 Patent"), and U.S. Patent No. 8,805,416 (the "'416 Patent") (together, "the Asserted Patents") are infringed by certain iDrive infotainment systems incorporated into certain of Plaintiff's vehicles.

3. Plaintiff seeks this relief because Defendant has sued Plaintiff in the United States District Court for the Eastern District of Texas alleging that they have infringed the Asserted

Patents by using, selling, and/or offering for sale vehicles that contain components that incorporate allegedly infringing integrated circuits. Defendant's lawsuit has placed a cloud over Plaintiff's continuing manufacture and sale of certain of its vehicles, and thereby creating an actual and justiciable controversy between Plaintiff and Defendant.

## THE PARTIES

4. Plaintiff BMW of North America, LLC is a company organized and existing under the laws of the United States of America, and is a Delaware Limited Liability Company with its principal place of business in Woodcliff Lake, New Jersey. Plaintiff BMW of North America, LLC is a wholly-owned, but indirect, subsidiary of Plaintiff Bayerische Motoren Werke AG.

5. On information and belief, Defendant NorthStar is a company organized and existing under the laws of the State of Texas and has a registered office at 815 Brazos St., Ste. 500 Austin, Texas 78701.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; 28 U.S.C. §§ 1331, 1332, and 1338; and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

7. This Court has general personal jurisdiction over Defendant NorthStar because NorthStar is incorporated in and has a place of business in Texas.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because this is the district in which a substantial part of the events and allegations giving rise to the claims occurred. See supra ¶5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(3) because Defendant is subject to this Court's personal jurisdiction.

## BACKGROUND

9. The '432 Patent bears the title "Route-Based Communication Planning Architecture and Method for Wireless Communication," and states that it issued on May 24, 2005. A copy of the '432 Patent is attached as Exhibit 1.

10. The '943 Patent bears the title "Method and System for Displaying Social Networking Navigation Information," and states that it issued on September 6, 2011. A copy of the '943 Patent is attached as Exhibit 2.

11. The '297 Patent bears the title "Method and System for Displaying Navigation Information on an Electronic Map," and states that it issued on October 4, 2011. A copy of the '297 Patent is attached as Exhibit 3.

12. The '527 Patent bears the title "Method and System for Displaying Navigation Information and Mapping Content on an Electronic Map," and states that it issued on July 2, 2013. A copy of the '527 Patent is attached as Exhibit 4.

13. The '416 Patent bears the title "Method and System for Mobile Device Selectively Reporting of GPS Position Information to Others," and states that it issued on August 12, 2014. A copy of the '416 Patent is attached as Exhibit 5.

14. The United States Patent and Trademark Office Assignment Database contains a record of assignments of the Asserted Patents originally from the inventors to DaimlerChrysler Corporation, for the '432 Patent, Petnote LLC for the '943 Patent, '297 Patent, '527 Patent, and Virgnia Innovative Technologies, LLC, for the '416 Patent, and eventually to NorthStar. Exhibits 6, 7, 8, 9, and 10.

**DEFENDANT'S LAWSUITS AGAINST AN ENTITY RELATED TO PLAINTIFF**

15. Bayerische Motoren Werke AG ("BMW AG") is a global leader in the automotive industry and has been in operation since March 7, 1916. BMW AG manufactures and sells vehicles in Germany. BMW of North America, LLC ("BMW NA") was founded in 1975 and distributes and markets automotive vehicles in the United States.

16. Certain vehicles of Plaintiff's automotive vehicles include iDrive infotainment systems that are sold and used as part of an automotive vehicle.

**I. NorthStar's Ongoing Suit in the Eastern District of Texas**

17. On December 27, 2022, Defendant filed a complaint for patent infringement against Bayerische Motoren Werke AG in the United States District Court for the Eastern District of Texas (Civil Action No. 2:22-cv-00496-JRG, hereinafter, the "-496 case") alleging infringement of the Asserted Patents. A copy of the complaint is attached as Exhibit 11.

18. In the -496 case, Defendant alleges that it "is the sole and exclusive owner of all right, title, and interest in the [Asserted Patents]." *See* Ex. 11 at ¶ 12.

19. In the -496 case, Defendant's original allegations of infringement of the Asserted Patents are based on the alleged sale or offer for sale of automotive vehicles that incorporate an iDrive infotainment system. Ex. 11 at ¶ 13.

20. In the -496 case, Defendant generally originally alleged Plaintiff of "making, using, offering to sell, selling, and/or importing into the United States products such as the vehicles equipped with the BMW navigation and infotainment system, including for example the BMW navigation and BMW iDrive system." Ex. 11 at ¶ 21.

21. BMW of North America, LLC have sold vehicles that contain components that include the iDrive infotainment system that NorthStar has accused of infringement within the statute of limitations for patent infringement, and continue to offer for sale, and sell such

4

automotive vehicles, and therefore, have a reasonable apprehension that Defendant may file an action against Plaintiff and allege that Plaintiff have infringed or are infringing the Asserted Patents by making, using, offering for sale, and/or selling the aforementioned vehicles. Indeed, Defendant has sued BMW AG in the –496 case. However, as stated above, Defendant has chosen only to sue BMW AG and not BMW NA. Ex. 11. Because BMW NA is an indispensable party to NorthStar's infringement allegations in the –496 case, BMW NA has a reasonable apprehension that Defendant may file an action against BMW NA, or that Defendant may dismiss the –496 case without prejudice and refile an action against BMW NA in another district.

22. In the -496 case, BMW AG has not yet answered or responded to NorthStar's Complaint as of the filing of this complaint. Ex. 12.

23. In the -496 case, a scheduling conference has not been set and discovery has not begun as of the filing of this complaint. Ex. 12.

24. Plaintiff's allegedly infringing vehicles do not infringe and have not infringed, directly or indirectly, any claim of the Asserted Patents, either literally or under the doctrine of equivalents. In view of Defendant's allegations that Plaintiff's vehicles infringe the Asserted Patents, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief in the only active district court action between Plaintiff and Defendant regarding the Asserted Patents in this Court.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment of Non-Infringement of the '432 Patent)**

25. Plaintiff reallege and incorporate paragraphs 1 to 24 as if fully set forth herein.

26. An actual controversy exists with respect to the '432 Patent due at least to Defendant's assertion that Plaintiff infringes claim 1 of the '432 Patent through its sale of the allegedly infringing vehicles that allegedly contain components that incorporate an iDrive

infotainment system. Defendant's wrongful assertion of the '432 Patent against Plaintiff has caused and will continue to cause Plaintiff irreparable injury and damage.

27. On information and belief, iDrive infotainment system does not include at least "storing boundary locations of the coverage areas for the wireless communication options along the route where the boundary locations stored are limited to boundary locations that are on streets of the route," "accessing the database to obtain information regarding the communication options available alone the route," "determining whether to switch from a first one of the wireless communication options presently being used to a second one of the wireless communication options when the mobile communication device approaches a boundary of a coverage area of one of the wireless communication options based on the wireless communication options available once the boundary is crossed and those that will be available further alone the route," "one of the plurality of wireless communication options is not using any wireless communication," and "wherein the step of obtaining updated information concerning the coverage areas of the wireless communication options includes obtaining this information from providers of the wireless communication options" as required by claim 1 of the '432 Patent.

28. Plaintiff's use, sale, offer for sale, and/or importation of vehicles allegedly containing the iDrive infotainment system does not infringe and has not infringed, directly or indirectly, any claim of the '432 Patent, either literally or under the doctrine of equivalents.

29. Plaintiff reserves the right to assert additional non-infringement grounds, especially as to any newly asserted claims of the '432 Patent.

30. In view of the foregoing, Plaintiff seeks and is entitled to declaratory judgment that the use, sale, offer for sale, and/or importation of Plaintiff's vehicles allegedly incorporating the iDrive infotainment system does not infringe and has not infringed, directly or indirectly, any

claim of the '432 Patent, either literally or under the doctrine of equivalents. A judicial determination of the respective rights of the parties with respect to non-infringement of the claims of the '432 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement of the '432 Patent.

## SECOND CAUSE OF ACTION
### (Declaratory Judgment of Non-Infringement of the '943 Patent)

31. Plaintiff realleges and incorporate paragraphs 1 to 30 as if fully set forth herein.

32. An actual controversy exists with respect to the '943 Patent due at least to Defendant's assertion that Plaintiff infringes claim 1 of the '943 Patent through its sale of the allegedly infringing vehicles that allegedly contain components that incorporate an iDrive infotainment system. Defendant's wrongful assertion of the '943 Patent against Plaintiff has caused and will continue to cause Plaintiff irreparable injury and damage.

33. On information and belief, iDrive infotainment system does not include at least "authenticating to the social network," "obtaining from the social network the MO," "determining that coordinates of the MO are not within the selected area of the electronic map," "displaying a secondary area of the electronic map, wherein the secondary area is a region of the electronic map centered approximately around the MO," and "displaying the MO approximately at the center of the secondary area," as required by claim 1 of the '943 Patent.

34. Plaintiff's use, sale, offer for sale, and/or importation of vehicles allegedly containing the iDrive infotainment system does not infringe and has not infringed, directly or indirectly, any claim of the '943 Patent, either literally or under the doctrine of equivalents.

35. Plaintiff reserve the right to assert additional non-infringement grounds, especially as to any newly asserted claims of the '943 Patent.

36. In view of the foregoing, Plaintiff seeks and is entitled to declaratory judgment that the use, sale, offer for sale, and/or importation of Plaintiff's vehicles allegedly incorporating the iDrive infotainment system does not infringe and has not infringed, directly or indirectly, any claim of the '943 Patent, either literally or under the doctrine of equivalents. A judicial determination of the respective rights of the parties with respect to non-infringement of the claims of the '943 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement of the '943 Patent.

## THIRD CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement of the '297 Patent)**

37. Plaintiff realleges and incorporate paragraphs 1 to 36 as if fully set forth herein.

38. An actual controversy exists with respect to the '297 Patent due at least to Defendant's assertion that Plaintiff infringe claim 1 of the '297 Patent through their sale of the allegedly infringing vehicles that allegedly contain components that incorporates an iDrive infotainment system. Defendant's wrongful assertion of the '297 Patent against Plaintiff has caused and will continue to cause Plaintiff irreparable injury and damage.

39. On information and belief, iDrive infotainment system does not include at least "determining that coordinates of the MO are not within the selected area of the electronic map," "computing a placement position of an OVI referencing the MO on the map-display application," "displaying a secondary area of the electronic map, wherein the secondary area is a region of the electronic map centered approximately around the MO," and "displaying the MO approximately at the center of the secondary area," as required by claim 1 of the '297 Patent.

40. Plaintiff's use, sale, offer for sale, and/or importation of vehicles allegedly containing the iDrive infotainment system does not infringe and has not infringed, directly or indirectly, any claim of the '297 Patent, either literally or under the doctrine of equivalents.

41. Plaintiff reserves the right to assert additional non-infringement grounds, especially as to any newly asserted claims of the '297 Patent.

42. In view of the foregoing, Plaintiff seeks and is entitled to declaratory judgment that the use, sale, offer for sale, and/or importation of Plaintiff's vehicles allegedly incorporating the iDrive infotainment system does not infringe and has not infringed, directly or indirectly, any claim of the '297 Patent, either literally or under the doctrine of equivalents. A judicial determination of the respective rights of the parties with respect to non-infringement of the claims of the '297 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement of the '297 Patent.

## FOURTH CAUSE OF ACTION
**(Declaratory Judgment of Non-Infringement of the '527 Patent)**

43. Plaintiff realleges and incorporate paragraphs 1 to 42 as if fully set forth herein.

44. An actual controversy exists with respect to the '527 Patent due at least to Defendant's assertion that Plaintiff infringes claim 1 of the '527 Patent through its sale of the allegedly infringing vehicles that allegedly contain components that incorporate an iDrive infotainment system. Defendant's wrongful assertion of the '527 Patent against Plaintiff has caused and will continue to cause Plaintiff irreparable injury and damage.

45. On information and belief, iDrive infotainment system does not include at least "determining that coordinates of the MO are not within a selected area of the electronic map," "displaying an OVI containing the distance and travel-related information," "receiving user input

selecting the OVI," and "retrieving mapping-media content associated with the selected OVI" as required by claim 1 of the '527 Patent.

46. Plaintiff's use, sale, offer for sale, and/or importation of vehicles allegedly containing the iDrive infotainment system does not infringe and has not infringed, directly or indirectly, any claim of the '527 Patent, either literally or under the doctrine of equivalents.

47. Plaintiff reserves the right to assert additional non-infringement grounds, especially as to any newly asserted claims of the '527 Patent.

48. In view of the foregoing, Plaintiff seeks and is entitled to declaratory judgment that the use, sale, offer for sale, and/or importation of Plaintiff's vehicles allegedly incorporating the iDrive infotainment system does not infringe and has not infringed, directly or indirectly, any claim of the '527 Patent, either literally or under the doctrine of equivalents. A judicial determination of the respective rights of the parties with respect to non-infringement of the claims of the '527 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement of the '527 Patent.

**FIFTH CAUSE OF ACTION**
**(Declaratory Judgment of Non-Infringement of the '416 Patent)**

49. Plaintiff realleges and incorporate paragraphs 1 to 48 as if fully set forth herein.

50. An actual controversy exists with respect to the '416 Patent due at least to Defendant's assertion that Plaintiff infringes claim 1 of the '416 Patent through its sale of the allegedly infringing vehicles that allegedly contain components that incorporate an iDrive infotainment system. Defendant's wrongful assertion of the '416 Patent against Plaintiff has caused and will continue to cause Plaintiff irreparable injury and damage.

51. On information and belief, iDrive infotainment system does not include at least "wherein said communicating comprises sending both the indication of the signal interference

and the GPS information from the mobile communication device to the remote source," and "receiving, by the mobile communication device, navigation information from the remote source in response to sending both the indication of the signal interference and the GPS information" as required by claim 1 of the '416 Patent.

52. Plaintiff's use, sale, offer for sale, and/or importation of vehicles allegedly containing the iDrive infotainment system does not infringe and has not infringed, directly or indirectly, any claim of the '416 Patent, either literally or under the doctrine of equivalents.

53. Plaintiff reserves the right to assert additional non-infringement grounds, especially as to any newly asserted claims of the '416 Patent.

54. In view of the foregoing, Plaintiff seeks and is entitled to declaratory judgment that the use, sale, offer for sale, and/or importation of Plaintiff's vehicles allegedly incorporating the iDrive infotainment system does not infringe and has not infringed, directly or indirectly, any claim of the '416 Patent, either literally or under the doctrine of equivalents. A judicial determination of the respective rights of the parties with respect to non-infringement of the claims of the '416 Patent is necessary and appropriate under 28 U.S.C. § 2201 to resolve the parties' dispute regarding alleged infringement of the '416 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

A. Declaratory judgment that Plaintiff's use, sale, offer for sale, and/or importation of vehicles or components including the iDrive infotainment system, does not infringe and has not infringed, directly or indirectly, any claim of the '432 Patent, either literally or under the doctrine of equivalents;

B.       Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors, and assigns, and all others in concert and privity with them from wrongfully asserting the '432 Patent against Plaintiff's products;

C.       Declaratory judgment that Plaintiff's use, sale, offer for sale, and/or importation of vehicles or components including the iDrive infotainment system, does not infringe and has not infringed, directly or indirectly, any claim of the '943 Patent, either literally or under the doctrine of equivalents;

D.       Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors, and assigns, and all others in concert and privity with them from wrongfully asserting the '943 Patent against Plaintiff's products;

E.       Declaratory judgment that Plaintiff's use, sale, offer for sale, and/or importation of vehicles or components including the iDrive infotainment system, does not infringe and has not infringed, directly or indirectly, any claim of the '297 Patent, either literally or under the doctrine of equivalents;

F.       Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors, and assigns, and all others in concert and privity with them from wrongfully asserting the '297 Patent against Plaintiff's products;

G.       Declaratory judgment that Plaintiff's use, sale, offer for sale, and/or importation of vehicles or components including the iDrive infotainment system, does not infringe and has not infringed, directly or indirectly, any claim of the '527 Patent, either literally or under the doctrine of equivalents;

H. Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from wrongfully asserting the '527 Patent against Plaintiff's products;

I. Declaratory judgment that Plaintiff's use, sale, offer for sale, and/or importation of vehicles or components including the iDrive infotainment system, does not infringe and has not infringed, directly or indirectly, any claim of the '416 Patent, either literally or under the doctrine of equivalents;

J. Preliminary and permanent injunctive relief restraining Defendant and its agents, servants, employees, successors, and assigns, and all others in concert and privity with them from wrongfully asserting the '416 Patent against Plaintiff's products;

K. A declaration that this action is an exceptional case under 35 U.S.C. § 285;

L. An award to Plaintiff of their attorneys' fees and costs incurred in this Action; and

M. A grant of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated:  June 16, 2023

Respectfully submitted,

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
VA Bar No. 49,005
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190
  Phone:  (571) 203-2700
  Fax:     (202) 408-4400

**ATTORNEY FOR PLAINTIFF BMW OF NORTH AMERICA, LLC**